UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GARY W. SOMMER AND | ) | CASE NO. 05-67284 |
| DEBORAH L. SOMMER, | ) | |
| | ) | JUDGE RUSS KENDIG |
| | ) | |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |
| | ) | |

Anthony J. DeGirolamo, chapter 7 trustee (hereafter "Trustee") filed an Application for Approval of Compromise, in accordance with Federal Rule of Bankruptcy Procedure 9019, on December 4, 2007. Through the motion, Trustee sought to compromise the estate's interest in an asbestos claim. Debtor Deborah L. Sommer filed an objection on December 27, 2007. The Court held a hearing on January 7, 2008, at which Trustee and R. Bryan Nace, on behalf of Debtor Deborah L. Sommer,[1] appeared. Following the hearing, the Court took the matter under advisement. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The Court obtains jurisdiction of this matter through 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(A).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

The facts are not disputed. Debtors Gary W. Sommer and Deborah L. Sommer (hereafter "Debtors") filed a joint Chapter 7 petition on October 10, 2005. Prior to the filing, Mr. Sommer had been diagnosed with lung cancer. Debtors received a discharge on January 25, 2006. Shortly thereafter, on August 3, 2006, Debtor Gary W. Sommer passed away, presumably as a result of asbestos-related lung cancer.

---

[1] Mr. Nace does not represent Debtors in the bankruptcy case, but is counsel for Mrs. Sommer in the probate case for Gary W. Sommer.

Following Debtor Gary W. Sommer's death, a probate case was opened. The probate estate initiated a personal injury and wrongful death suit and filed claims with multiple asbestos manufacturers. (Debtor's Obj. to App. For Approval of Comp., p. 2). At the time of the bankruptcy filing, the actions and claims had not been filed and thus were not included in Debtors' schedule of personal property, nor were any exemptions claimed.

One of the asbestos claims was filed against the Manville Bankruptcy Trust (hereafter "Manville"). Manville offered to settle for $2,000.00. According to Trustee, after the deduction of attorney's fees, litigation expenses, and fiduciary fees, $982.02 remains for the estate, payable in a one-time lump sum payment. Trustee sought Court approval of the proposed settlement and Debtor Deborah L. Sommer objected.

## ARGUMENTS

Trustee argues that the cause of the wrongful death is rooted prepetition, so the interest existed prior to the filing. Put differently, the Court understands Trustee to say that even though the death occurred postpetition, and outside the one hundred and eighty day window, it is necessary to look at the cause of the death (when the cause of action for wrongful death arose) to determine whether the interest arose pre- or post-petition. If the cause was prepetition, then it is property of the estate.

Debtor Deborah L. Sommer objected to the proposed compromise. According to Mrs. Sommer, the Manville settlement actually is in settlement of two different claims: a personal injury claim and a wrongful death claim.[2] Mrs. Sommer does not dispute that the personal injury claim is property of the estate; her objection focuses on the wrongful death portion of the settlement. In her objection, she explains that although she is the personal representative bringing the wrongful death suit, that position does not bestow an interest in the wrongful death proceeds to her. The interest in the proceeds is designated to the statutory beneficiaries designated in Ohio's wrongful death statute.[3] Since her husband's death occurred postpetition, she contends that the wrongful death claim was not part of the bankruptcy estate.[4] Additionally, she challenges any contention by

---

[2] The amount payable on the wrongful death claim is $589.21; $392.81 is allocated to the personal injury claim. Although this personal injury claim may be relatively small, other claims with asbestos manufacturers are pending, and the parties anticipate similar future settlements.

[3] Debtor attached a copy of the Application to Approve Settlement and Distribution of Wrongful Death and Survivor Claims filed in the probate court. It lists three beneficiaries: Debtor and two adult children. The proposed distribution is to Debtor alone; the two adult children are not receiving any of the settlement.

[4] There is no dispute that the death occurred more than one hundred and eighty days after the case was filed.

Trustee that the proceeds are an inheritance. Thus, Debtor asserts that the portion of the settlement attributable to the wrongful death claim is not property of the bankruptcy estate.

## DISCUSSION

It is well-established that the bankruptcy estate is comprised of legal and equitable interests held by a debtor at the time the case is filed. 11 U.S.C. § 541(a)(1). Certain interests in property arising or acquired postpetition also may be included as part of the estate under 11 U.S.C. § 541(a)(5). Unless federal law provides otherwise, property interests are determined by looking at state law. Butner v. U.S., 440 U.S. 48 (1979). Legal actions constitute property interests. See Waldschmidt v. Commerce Union Bank (In re Bauer), 859 F.2d 438 (6th Cir. 1988) (citations omitted). "Property of the estate" is broadly defined "and includes 'every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative . . . .'" In re Lott, 332 B.R. 292 (Bankr. E.D. Mich. 2005) (citing In re Stinson, 221 B.R. 726, 729 (Bankr. E.D. Mich. 1998) (citations omitted)).

Under Ohio law, a wrongful death claim is an independent cause of action inuring to statutory beneficiaries and is not a derivative cause of action. See Thompson v. Wing, 70 Ohio St.3d 176 (1994); O.R.C. § 2125.01 et seq. Consequently, it does not constitute an inheritance. See, e.g., Gold v. Surowitz (In re Surowitz), 94 B.R. 438 (E.D. Mich. 1988); cf. In re Hendricks, 22 B.R. 572 (Bankr. Mo. 1982). Thus, even if Debtor would have been entitled to the settlement proceeds in the one-hundred eighty days following the filing of the bankruptcy case, the proceeds would not become property of the estate in accordance with 11 U.S.C. § 541(a)(5).

The Ohio Supreme Court determined that cause of action for wrongful death accrues with the death of the beneficiary. Thompson, 70 Ohio St.3d at 183. However, the accrual of a claim is not a deciding factor for determining when a property interest arises in the claim. See Mueller v. Hall (In re Parker), 2007 WL 1376081, *8 (B.A.P. 6th 2007) (stating "the question in this case is not whether the malpractice claim accrued, based on the moment the last element of the cause of action accrued, prior to Parker filing bankruptcy, but whether the malpractice claim is sufficiently rooted in Parker's prebankruptcy past to constitute property of the estate") (citations omitted) (unpublished); In re Richards, 249 B.R. 859, 861 (Bankr. E.D. Mich. 2000) (concluding that "in determining whether a claim is property of the bankruptcy estate, the test is not the date that the claim accrues under state law . . . [but] the appropriate inquiry is whether the claim is 'sufficiently rooted in the prebankruptcy past.'" Segal v. Rochelle, 382 U.S. 375, 380 (1966)). Under this line of reasoning, and the broad definition of the term "property of the estate," the Court finds that date of the death is not determinative.

Instead, the Court must look to the root of the claim and Ohio's wrongful death statute is particularly helpful in the examination. O.R.C. § 2125.01 provides:

> When the death of a person is caused by a wrongful act,
> neglect, or default which would have entitled the party
> injured to maintain an action and recover damages if
> death had not ensued . . . .

Liability for wrongful death is premised on the injury giving rise to the resulting death; thus, the injury is the root. In this case, there is no argument that Mr. Sommer's death was related to his prebankruptcy asbestos exposure. The Court therefore concludes that the foundation for the wrongful death claim was Mr. Sommer's prepetition exposure to asbestos which led to his lung cancer and eventual demise. *See* Richards, 249 B.R. at 861. As a result, the claim is sufficiently rooted in the prebankruptcy past to qualify as property of the bankruptcy estate.

The court finds the opinion in Richards to be most akin to the facts herein, although admittedly the case does not involve a wrongful death suit. Debtor was diagnosed, postpetition, with "asbestos-related injuries stemming from his [prepetition] exposure to asbestos during the period from 1960 through 1974." Richards, 249 B.R. at 860. The findings of the court are particularly persuasive:

> All of the allegedly wrongful conduct giving rise to the
> debtor's claim occurred prepetition, and indeed more
> than twenty-five years prepetition. Further, although
> the diagnosis was made seven months after the petition
> was filed, that timing appears to have been more a result
> of happenstance than of medical necessity. It appears
> likely that both the onset of the debtor's disease and a
> greater portion of its progress occurred before he filed
> his petition. The debtor's prepetition asbestos exposure
> led directly and inevitably to the postpetition accrual of
> his claim. These facts balance in favor of finding that the
> debtor's claim for asbestos injuries is property of the estate
> even though his diagnosis and therefore his legal ability to
> sue were postpetition.

Richards, 249 B.R. at 861-62.

Other case law is limited, factually distinguishable, and of little support. At the hearing, Trustee referenced In re Musick, 2006 WL 1540443 (Bankr. S.D. Ohio 2006) (unpublished). In that case, the debtor's mother passed away prepetition and the wrongful death claim was pending at the time debtor filed her case. Although the court found that the cause of action was property of the estate, and provided explanation of Ohio's wrongful death statute, the same analysis cannot be directly applied to the present facts because all of the relevant events in Musick occurred prepetition. Similarly, In re Lott, 332 B.R. 292 (Bankr. N.D. Ohio 2005), the court concluded that the postpetition wrongful death suit for debtor's mother's prepetition death was property of the

bankruptcy estate. The factual differences in Surowitz, 94 B.R. 438, also make it dissonant. In Surowitz, although the death occurred postpetition, the death was the result of a postpetition airplane crash and clearly not related to prebankruptcy events. Thus, all the relevant events in Surowitz occurred postpetition. The Surowitz court concluded that the claim was not an inheritance and therefore did not fall under 11 U.S.C. § 541(a)(5).

Although Debtor Deborah L. Sommer spends a great deal of her objection discussing her position as personal representative pursuing the wrongful death claim on behalf of the statutory beneficiaries, no legal issue is apparent. And this fact is of little import in this case because not only is Mrs. Sommer the personal representative, she is also the only statutory beneficiary designated to receive any portion of the wrongful death distribution on the Manville claim. The statutory beneficiaries hold the property interest in the wrongful death claim; it does not belong to the decedent, his probate estate, or the personal representative.[5] Therefore, the Court will not undertake any further review of this portion of the objection.

Finally, the Court raises a matter *sua sponte*. Neither party mentioned, and certainly did not address, the issue of whether the proceeds from the wrongful death claim may be subject to exemption by Mrs. Sommer. It appears that neither the personal injury claim nor the wrongful death action were pending when Debtors filed their chapter 7 petition, but were commenced postpetition by Mr. Sommer's probate estate. Although the facts are sparse, there is no intimation that there was any concealment of this property by Debtors. Under appropriate circumstances, proceeds from a wrongful death action may be exemptible. *See* O.R.C. § 2329.66(A)(12)(b); In re Michel, 332 B.R. 557 (Bankr. N.D. Ohio 2005). Applicability of the exemption is fact-intensive. Michel, 332 B.R. at 560. The Court does not assert that the wrongful death proceeds are exempt, or that they are not exempt, but merely brings the issue to prominence. The Court will give Debtor thirty days, until **April 15, 2008**, to amend her exemptions, if so desired. Trustee will thereafter have until **May 2, 2008** to file an objection to any amendments which may be made by Debtor. Since the exempt status of the proceeds bears directly on this motion, the Court holds ruling on the application to compromise in abeyance until such time as any exemption issues are resolved.

## CONCLUSION

Property of the estate encompasses a wide variety of property interests as defined by state law. In Ohio, a statutory beneficiary may recover damages for the wrongful death of another person, clearly giving rise to a property interest. However, even though a cause of action may accrue at one point under state law, the accrual of an action is not the

---

[5] As a result, if Mrs. Sommer had filed an individual petition, the wrongful death action would be property of her bankruptcy estate. If only Mr. Sommer had filed, even though the injury to him forms the basis for the wrongful death claim, the beneficial interest (the property) is held by the statutory beneficiaries and therefore the claim would not be property of his bankruptcy estate.

determining factor for when the property interest arises for the purposes of defining property of the estate. Instead, bankruptcy courts look at whether there is a strong nexus between the action and prebankruptcy events. In this case, Debtor Gary W. Sommer's asbestos exposure, leading to his development of lung cancer, were the prepetition providing the foundation for the wrongful death claim. As a result, the proceeds of the wrongful death claim are property of the estate. However, wrongful death proceeds may be exemptible under Ohio law. If the proceeds are exempt, Trustee's motion to compromise the claim is not well-taken. The Court provides the parties with additional time for further review of this issue.

An order shall be issued immediately.

/s/ Russ Kendig

RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Deborah L Sommer
9914 Portage St NW
Canal Fulton, Oh 44614

R. Bryan Nace
Joy S. Wagner & Associates
507 West Park Avenue
Barberton, OH 44203

Anthony J. DeGirolamo, Trustee
Courtyard Centre, Suite 625
116 Cleveland Ave., N.W.
Canton, OH 44702